IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHESTER HOLLMAN, III,

                    Petitioner,

          v.

MARTIN HORN, Commissioner,
Pennsylvania Department of Corrections;
and

CHARLES ERICKSON, Superintendent
of the State Correctional Institution at
Retreat,

                    Respondents.

Civil Action No. 06-3867

OPINION

February 2, 2007,

          On August 29, 2006, petitioner Chester Hollman, III filed a "mixed"[1] petition for a

writ of habeas corpus in this court (Docket #1) challenging the validity of his underlying

criminal conviction.[2]  On the same day, petitioner filed a Motion to Hold Federal

---

[1] That is, his petition contains some claims that have been exhausted in state court, and some which have not. *See Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)).

[2] "On May 4, 1993, a Common Pleas Court jury in Philadelphia convicted Hollman of second-degree murder, possession of an instrument of crime, robbery, and criminal conspiracy." *Hollman v. Wilson*, 158 F.3d 177, 178 (3d Cir. 1998) (affirming denial of previous habeas

Proceedings in Abeyance (Docket #2), asking this court to place the case in suspense

pending ongoing, parallel postconviction proceedings in Pennsylvania state court.

Petitioner asserts that the unexhausted claims contained in his petition are based upon

evidence which he did not discover, and could not have, through due diligence,

discovered, prior to August 30, 2005.  For that reason, he claims that he has not had time

to exhaust the process of state review as required by the Antiterrorism and Effective

Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2254(b)(1) (making exhaustion of state

postconviction remedies, in most cases, a condition precedent to the granting of federal

habeas relief).  Because the current state proceedings will not be complete within one year

of the date on which Hollman's federal petition could have been filed, *see id.* §

2244(d)(1) (general one-year limitation period for filing of federal habeas petitions), he

requests that rather than dismissing his petition without prejudice, the court suspend his

petition—preserving the original, timely filing date—while he seeks to prevail on, or, at

least, to exhaust, his currently unexhausted federal claims before the Pennsylvania courts.

AEDPA's statutory tolling provision, *see id.* § 2244(d)(2),  normally protects a

petitioner from the risk of having his federal limitation period lapse during pendency of a

state petition, and therefore dismissal without prejudice, rather than a stay or civil

suspense, is typically the appropriate disposition of a mixed petition.[3]  In this case,

---

petition).

[3] *See, e.g.*, *Harris v. Beard*, 393 F. Supp. 2d 335, 340 (E.D. Pa. 2005) (finding, on facts
presented, that "dismiss[al] without prejudice . . . achieves the best balance between . . .

however, petitioner argues that his particular situation renders it unlikely that he will be eligible for statutory tolling, so that a dismissal would run a substantial risk of unfairly depriving him of any subsequent opportunity to obtain relief in a federal forum.

I agree.  A Pennsylvania trial court ruled on September 22, 2006 that petitioner's PCRA petition based on the allegedly newly-discovered evidence is untimely[4]—and a state petition dismissed as untimely is not a "properly filed" petition entitling the petitioner to tolling of the federal limitation period under § 2244(d)(2). *Satterfield v. Johnson*, 434 F.3d 185, 191–92 (3d Cir.), *cert. denied*, 127 S. Ct. 198 (2006); *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).  Although the state court's untimeliness ruling is making its way through the state appeal procedures, the uncertainty it engenders as to

---

AEDPA's exhaustion requirement and limitations period, on the one hand, and the habeas petitioner's interest in preserving federal review of his state conviction, on the other hand.").

[4] The Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9541, et seq., provides the framework for state collateral review of criminal convictions.  Like its federal counterpart, the PCRA contains a time bar, *see* 42 Pa. Cons. Stat. § 9545(b)(1), and an exception to this time bar for newly-discovered evidence. *See id.* § 9545(b)(1)(ii).

The question of timeliness under Pennsylvania state law was discussed by this court, on similar facts, in *Green v. Folino*:

> Generally, the [PCRA] requires that petitions be filed within one year of the date judgment becomes final. However, the statute includes an exception for [newly-discovered evidence] . . . . This case implicates the exception . . . . the state court's timeliness evaluation will require a detailed factual inquiry into when, with the exercise of due diligence, he could have ascertained the existence of his claim.

No. 03-674, 2006 WL 2092575, at *6 (E.D. Pa. July 26, 2006) (citations omitted) (concluding that petitioner had "'reasonable confusion' about whether his state filing will be deemed timely").  The court in *Green*, noting that "a petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court," *id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)), granted the petitioner's motion to place his case in suspense. *Id.*

3

statutory tolling of petitioner's federal claim persuades me that there is a substantial likelihood that, if this petition is dismissed without prejudice, it will be time-barred by the time the state proceedings are exhausted and petitioner's claims are otherwise ripe for review in this court.[5]

Precisely because this kind of situation can place even the diligent petitioner in a dilemma between abandoning his unexhausted claims in federal court in order to ensure federal review of his exhausted claims, on the one hand, and pursuing exhaustion of his unexhausted claims in state court at the risk of losing federal review as to *all* of his claims, on the other hand, the Third Circuit has mandated the application of a "stay and abeyance" procedure in these circumstances. *Crews v. Horn*, 360 F.3d 146, 154 & n.5 (3d Cir. 2004) ("[W]hen an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."). The Supreme Court has endorsed this procedure, and has defined the "limited circumstances" in which it is appropriate—i.e., where (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 273, 278 (2005) (citing *Crews*) (noting that where these conditions are met, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition"); *see also Harris v. Beard*, 393 F. Supp. 2d 335, 339 (E.D. Pa. 2005)

---

[5] Without the benefit of statutory tolling, it would appear that petitioner's time limitation period lapsed, at the latest, on December 28, 2006.

(applying *Rhines* factors, but dismissing where state court petition was clearly timely and would thus entitle petitioner to tolling under § 2244(d)(2)).

 "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. 269).   Petitioner presents colorable evidence that his unexhausted claim under *Brady v. Maryland*, 373 U.S. 83, (1963), is based on new information which was previously undiscoverable, and the PCRA contains an exception allowing out-of-time petitions based on newly-discovered evidence. *See supra*, note 4.  Although he appears to have promptly, diligently, and in good faith pursued this new claim in the state courts, the fact-intensive nature of his claim and the fact that one Pennsylvania court has already denied his PCRA petition as untimely indicate that he has a "reasonable confusion" about whether his state filing will be deemed timely.  I find that petitioner has good cause for his failure to exhaust state remedies before filing his petition with this court.

Petitioner's newly-discovered evidence consists of an affidavit, dated August 30, 2005, which appears to be the recantation of a key prosecution witness from petitioner's trial.  Petitioner claims that the attestations in the affidavit provide the foundation for a federal constitutional claim under *Brady*, and that this information could not have, through due diligence, been discovered before August 30, 2005.[6]  Although "[c]ourts

---

[6] Petitioner states, and the affidavit supports, that his counsel had diligently contacted the witness several times since petitioner's conviction, but that she had not, until now, revealed the

have historically viewed recantation testimony with great suspicion." *Landano v. Rafferty*, 856 F.2d 569, 572 (3d Cir. 1988) (citing *United States v. Kearney*, 682 F.2d 214, 219 (D.C. Cir. 1982)), the purpose of this inquiry is not to evaluate the credibility or merits of petitioner's new evidence.  The affidavit is facially valid and signed under pains of perjury, and the information therein, if true, may undermine the petitioner's conviction. This is sufficient to render petitioner's claims "potentially meritorious."

Finally, as noted above, rather than engaging in delay, petitioner has diligently pursued state relief since discovery of this new information, while also filing a protective petition in this court. *Cf. Pace*, 544 U.S. at 416.

Therefore, because the petitioner is substantially at risk of falling into the kind of procedural trap that, under *Rhines* and *Crews*, district courts are encouraged to help him avoid, and because it appears that petitioner's unexhausted claims meet the requirements announced in *Rhines* for applying the "stay-and-abeyance" procedure, his motion to place his petition in abeyance will be granted in an order accompanying this opinion.

---

information which provides the foundation for petitioner's *Brady* claim.